■ CAROL K. GARDNER et al., Appellants-Respondents, v CITY OF YONKERS et al., Respondents, and MORRIS INDUSTRIAL BUILDERS, L.P., et al., Respondents-Appellants. [694 NYS2d 465] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review determinations of certain respondents-respondents issuing building permits for the construction of a shopping center and an action for a judgment declaring that certain parties may not proceed with the project before complying with the State Environmental Quality Review Act (SEQRA, ECL art 8), the plaintiffs/petitioners appeal from a judgment of the Supreme Court, Westchester County (Barone, J.), entered August 26, 1998, which denied the petition and dismissed the proceeding and action and directed the appellants-respondents to pay nominal costs to certain parties, and the Yonkers Industrial Development Agency cross-appeals and Morris Industrial Builders, L.P., The Morris Companies, Home Depot U.S.A., Inc., Costco Wholesale Corporation, Building and Construction Trades Council of Westchester and Putnam Counties, New York Teamsters Union Local No. 456, and Construction Industry Council of Westchester and Hudson Valley, Inc., separately cross-appeal from so much of the same judgment as directed the appellants-respondents to pay only nominal costs.

Ordered that the judgment is affirmed, with one bill of costs

payable by the appellants-respondents to the respondents-appellants appearing separately and filing separate briefs.

The appellants-respondents challenge certain findings made pursuant to the State Environmental Quality Review Act (SEQRA, ECL art 8) adopted by the lead agency in 1995 in connection with the development of a shopping center complex in the City of Yonkers.

This matter is barred by the Statute of Limitations (*see,* CPLR 217). Even if timely commenced, the appellants-respondents have no standing to allege that Sprain Road be closed for all purposes in the absence of further environmental review since they failed to allege any threat of cognizable injury they would suffer, different in kind or degree from the public at large (*see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 778).

The parties' remaining contentions are without merit. S. Miller, J. P., Friedmann, Feuerstein and Smith, JJ., concur.